In re MAYER.

(District Court, E. D. Pennsylvania.   October 16, 1907.)

No. 2,556.

BANKRUPTCY—ADVERSE CLAIM TO PROPERTY—SUFFICIENCY OF EVIDENCE.
   A claim to property which was in the possession of a bankrupt at the time of the filing of the petition *held* not established by the unsupported testimony of the claimant, where, if true, he could have produced other evidence in corroboration.

In Bankruptcy.   On review of referee's decision rejecting claim of Max Mayer.

Wessel & Aarons, for trustee.
Milton M. Cohen, for claimant.

J. B. McPHERSON, District Judge.   It would have been more satisfactory, I think, if the learned referee had found the fact distinctly, whether or not the transaction to which the claimant testified had actually taken place between himself and his brother, the bankrupt.   The decision is apparently put upon the ground that, even if the claimant's testimony should be accepted as true—several good reasons being given for disbelieving his story—nevertheless the Pennsylvania authorities forbid his recovery.   For my own part, it seems that the question of fact is quite as important, and that it would be dangerous to accept such testimony as is now before the court without corroboration, save in exceptional cases.   The bankrupt, who must have known as much about the matter as his brother, was not called as a witness.   There is not a scrap of written evidence to support the claim, directly or indirectly.   It is not even proved that the property in dispute ever belonged to the partnership, although the merchants who are said to have sold it to the firm were easily accessible; and, in a word, the whole statement rests absolutely upon the claimant's uncorroborated account, to which it would be almost impossible for the trustee to reply.   I do not decide that in no case can a claim be made out by the unsupported testimony of the creditor, but simply that, under the circumstances of the present case, I do not find such testimony to be sufficient.   I therefore hold that the evidence offered by Max Mayer does not establish his claim to be the owner of the goods in dispute, and that he has not overcome the prima facies of the bankrupt's ownership, due to possession of the property at the time the petition was filed.

The amended order of the referee, dismissing the claimant's petition, and directing him to deliver forthwith to the trustee the safe and the show cases in dispute, or to pay their value, $210, to the trustee, is accordingly affirmed.